**Earnest L. STITH, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 4926.

District of Columbia Court of Appeals.

Argued May 26, 1969.

Decided Aug. 7, 1969.

Stephen S. Millstein, Washington, D. C., for appellant.

Robert P. Watkins, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., and Frank Q. Nebeker and Terry P. Segal, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and FICKLING and KERN, Associate Judges.

PER CURIAM:

Appellant was convicted of petit larceny after a trial by jury and sentenced to imprisonment for one year. He seeks reversal on the grounds that the evidence was insufficient to support the conviction, the trial court erred in its instruction to the jury as to what constituted the crime of larceny, and the prosecutor improperly used a prior conviction for impeachment purposes. Only the last contention merits comment.

 The Government presented testimony by a detective at Sears Roebuck that appellant had picked up an electric blanket from the counter, walked past numerous cash registers at which he could have paid for or charged the blanket and upon his arrest near the exit had had only a dollar on his person and no charge account with the store. Appellant, against the urging of his attorney, insisted upon testifying in his own defense. Before appellant commenced to testify his attorney raised the possibility of prejudice if the Government were permitted to impeach his testimony with his prior convictions. The trial court examined appellant's criminal record and ruled that the prosecutor could use for impeachment purposes a grand larceny conviction in 1965. Appellant's counsel did not pursue the matter further. We have reviewed the record and are satisfied that the trial court complied with the teaching of Luck v. United States, 121 U.S.App.D. C. 151, 348 F.2d 763 (1965) and its progeny [1] and that its ruling to allow the

1. See Weaver v. United States, 133 U.S.App.D.C. 66, 408 F.2d 1269 (1969).

use of a 1965 larceny conviction for impeachment purposes when credibility was crucial to a determination of the case and appellant had already chosen to testify[2] was proper.

Appellant contends that he was prejudiced by reason of the fact that the Assistant United States Attorney in his cross-examination went beyond the permissible scope of the trial court's ruling. On direct examination, appellant gave his version of the incident: He was only carrying the blanket in an effort to find a sales clerk to wait upon him and he did not give the store detective his true name under which he alleged he had a charge account because "I was on parole. I was valid [sic] for parole on the charge that I had of *grand larceny and—grand larceny and I don't know what else*". (Emphasis supplied.)

When the prosecutor cross-examined appellant the following colloquy occurred:

"Q: You testified on direct examination, Mr. Stith, that you are now on probation; is that right?

"A: No, sir.

"Q: Parole?

"A: Yes, sir.

"Q: Is that in connection with a 1965 conviction *for housebreaking and larceny?*

"A: Yes, sir." (Emphasis supplied.)

It is not clear on this record that the 1965 larceny conviction and the 1965 housebreaking conviction were for one and the same act. Therefore, the prosecutor's reference to housebreaking in his examination of appellant went beyond the trial court's *Luck* ruling and was improper. However, appellant himself had brought out in his direct testimony the fact that he had a conviction in 1965 in addition to that of larceny. *See* Suggs v. United States,

132 U.S.App.D.C. 337, 407 F.2d 1272 (1969). Appellant's counsel did not object to the question and the trial court cut off further questioning along this line. Considered in the context in which it occurred the prosecutor's impropriety, while regrettable, was not fatal and the conviction is

Affirmed.

---

2. See Williams v. United States, 129 U.S.App.D.C. 332, 337, 394 F.2d 957, 962 (1968).